AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A private residence located at 9 North Bank Street in New Haven,<br>Connecticut that is a three story, single family home located on the<br>North side of North Bank Street.  The building is clad in greenish vinyl<br>siding and has white trim around the windows with no shutters. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.  3:18mj 1621(SALM) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Connecticut_____
*(identify the person or describe the property to be searched and give its location)*:

> See Attachment A, which is is expressly incorporated herein

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

> See Attachment B, which is is expressly incorporated herein

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____October 31, 2018_____
                                                                                    *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.          ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Sarah A. L. Merriam.
          *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for ___30___ days *(not to exceed 30)*.
          ☐until, the facts justifying the later specific date of _____ .

Date and time issued: **24 Oct 2018  10:30am** _____     /s/ Sarah A. L. Merriam, USMJ_____
                                                                                              *Judge's signature*

City and state:   New Haven, CT _____          Honorable Sarah A.L. Merriam, United States Magistrate Judge
                                                                                    *Printed name and title*

AO 93  (Rev, 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br><br>3:18mj162(SALM) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A: LOCATION TO BE SEARCHED

The SUBJECT PREMISES is a private residence located at 9 North Bank Street in New Haven, Connecticut that is a three story, single family home located on the North side of North Bank Street. The building is clad in greenish vinyl siding and has white trim around the windows with no shutters.

See photographs below for additional details.

 



32

## ATTACHMENT B: ITEMS TO BE SEIZED

1.      All records relating to violations of 21 U.S.C. §§ 841(a)(1), 846 and 844(a), those violations involving ERNEST CANTEEN, MICAHEL LOTTO, ROBERT PISCATELLI, and occurring after September 1, 2016, including:

A.  General ledgers, cash receipts journals, cash disbursement journals, petty cash journals, bank statements, passbooks, cancelled checks, check stubs or registers, deposit tickets, deposit receipts, cashier's checks, money orders, wire transfer documents, invoices, written estimates, receipts, contracts, agreements, customer ledger cards, purchases journals, advance payment ledgers, accounts payable ledgers, accounts receivable ledgers, correspondence, memoranda and documents;

B.  Records of income, expenses, and assets such as profit and loss statements, financial statements, balance sheets and income and expense journals;

C.  Bank records, including but not limited to cancelled checks, cashier's checks, money orders, statements, deposit tickets, and withdrawal slips;

D.  Address books (paper or electronic) reflecting names, addresses and telephone numbers, telephone toll records, diaries, daily planners and calendars;

E.  Records evidencing the obtaining, secreting, transfer, concealment, transfer or expenditure of money, cryptocurrency, United States currency, papers, and identification documents, whether kept manually and/or by mechanical, and/or electronic devices pertaining to the wiring and/or receipt of funds;

F.  Identification documents and keys evidencing a possessory interest in premises and vehicles;

G.  Records relating to the operation or ownership of any computer hardware, software, storage media, or data (such as user names, passwords, telephone records, notes, books, diaries, and reference materials);

H.  Records of mailings dispatched through the U.S. Mail or other interstate carriers;

I.  Records pertaining to accounts held with companies providing Internet access or remote storage of either data or storage media;

J.  Records relating to ownership, occupancy, or use of the SUBJECT PREMISES (such as utility bills, phone bills, rent payments, mortgage payments, photographs, insurance documentation, receipts and check registers);

K.  All computer equipment and peripherals that may be interdependent, the software to operate the computer system, related instruction manuals that contain directions concerning the operation of the computer system, the software programs, and all electronically stored or computerized computer data; any physical keys, encryption devices, dongles, passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data;

L.  Any computer equipment or digital devices that are capable of being used to commit or further the crimes referenced above, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes, including central processing units; laptop or notebook computers; personal digital assistants; wireless communication devices including paging devices and cellular telephones; peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related

3

communication devices such as modems, routers, cables, and connections; storage media; and security devices;

M. Any magnetic, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-Rs, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell phones capable of being used to commit or further the crimes referenced above, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes;

N. Any computer equipment or digital devices used to facilitate the transmission, creation, display, encoding, or storage of data, including word processing, equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners that are capable of being used to commit or further the crimes referenced above, or to create, access, process, or store evidence, contraband, fruits, or instrumentalities of such crimes;

O. All passwords, passphrases, encryption keys, encryption dongles, and/or any information, including tools, records, and techniques used to activate and/or navigate and access in plain-text data stored in encrypted data systems, encrypted file systems, encrypted files, and encrypted records or documents; and

P. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show the actual user(s) of the computers or digital devices during the time the device was used to commit the crimes referenced above, including the web browser's history; temporary Internet files; cookies, bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email,

4

instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow others to control the digital device such as viruses, Trojan horses, and other forms of malicious software.